STATE v. SCHIRMER

[104 N.C. App. 472 (1991)]

———

STATE OF NORTH CAROLINA v. BRIAN KEITH SCHIRMER, DEFENDANT

No. 9019SC1130

(Filed 5 November 1991)

### 1. Searches and Seizures § 9 (NCI3d) — search of vehicle incident to arrest

The trial court properly denied defendant's motion to suppress cocaine seized from defendant's car where the evidence on voir dire supported the trial court's findings and conclusions that defendant was under arrest at the time of the search for operating a vehicle without a driver's license, insurance and registration and that the search was incident to this lawful arrest.

**Am Jur 2d, Searches and Seizures §§ 39, 96.**

**Lawfulness of search of motor vehicle following arrest for traffic violation. 10 ALR3d 314.**

### 2. Criminal Law § 236 (NCI4th) — speedy trial — Interstate Agreement on Detainers — failure to request trial

The trial court properly denied defendant's motion to dismiss the indictments on the ground that the State failed to try him within the time required by the Interstate Agreement on Detainers where defendant notified the State by mail that he was incarcerated in Florida, a detainer thereafter filed

**STATE v. SCHIRMER**

[104 N.C. App. 472 (1991)]

by the State in Florida contained a request to advise whether defendant chose to exercise his rights under the Interstate Agreement, and defendant failed to give written notice to the prosecutor requesting a final disposition of the pending charges.

**Am Jur 2d, Criminal Law §§ 404-407, 867.**

**Validity, construction, and application of Interstate Agreement on Detainers. 98 ALR3d 160.**

3. **Evidence and Witnesses § 1308 (NCI4th) — motion to suppress confession during trial—hearing not required**

The trial court was not required to conduct a hearing on defendant's motion during trial to suppress use of his confession for impeachment purposes where the record shows that the State did not intend to use the confession at trial and was thus not required to give defendant notice about use of his statement. N.C.G.S. § 15A-975.

**Am Jur 2d, Depositions and Discovery §§ 528-530; Evidence § 583; Witnesses §§ 527, 602.**

APPEAL by defendant from *Allen (W. Steven), Judge.* Judgment entered 15 June 1990 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 9 October 1991.

Defendant was charged in proper bills of indictment with trafficking in cocaine in violation of G.S. 90-95(h) and possession of drug paraphernalia in violation of G.S. 90-113.22.

The evidence at trial tends to show the following: While on duty on 11 August 1988, Trooper J. A. Brinkley of the North Carolina Highway Patrol observed a 1966 gray Pontiac on Gold Hill Road in rural Randolph County. Trooper Brinkley noticed the car being driven slowly and weaving within the lane of traffic. The car had an Illinois license plate which had expired. Trooper Brinkley engaged his blue light and stopped the car. Defendant stopped and got out of the car. When asked by the trooper for his license and registration, defendant responded that he had a Florida license, but it had burned in a car fire. Defendant gave the Trooper a false name of Keith Brinn and said he would look for identification in the car. While defendant was looking for identification, Trooper Brinkley noticed a gun on the console of defendant's car. When he found no identification, Trooper Brinkley asked

STATE v. SCHIRMER

[104 N.C. App. 472 (1991)]

defendant to step back to the patrol car and wait while he ran a license check. Defendant then said his name was Brian Keith Schirmer and gave the officer his birthdate. A license check in Florida showed that defendant's license had expired. At this point, Trooper Brinkley advised defendant that he was going to be arrested for failure to have a license, registration, and insurance. Defendant discussed with Trooper Brinkley, whether to leave the car or to have it towed. Defendant decided to leave the car on the shoulder. After they went back to secure defendant's car and again look for information, testimony shows that defendant made a jumping movement toward the inside of the car. The trooper pulled defendant away from the car, handcuffed him, and placed him at the right rear of the car. As the trooper proceeded toward defendant's car, defendant "hollered," "that coke's not mine." When he picked up the pistol, Trooper Brinkley noticed a cigar box on the floorboard of the car. The box contained three bags of a tan powdery substance, later identified as 71.2 grams of cocaine, and two hypodermic needles. More needles were found in the glovebox and on the seat. After finding the cocaine, Trooper Brinkley called for another patrol car. When it arrived, defendant's car was searched, including the trunk. Fingerprints found on the bags of cocaine were not those of defendant.

A jury found defendant guilty of both charges. From a judgment imposing a prison sentence of twelve years and a fine of $50,000.00 plus costs, defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Marilyn R. Mudge, for the State.*

*Robert E. Wilhoit for defendant, appellant.*

HEDRICK, Chief Judge.

[1] Defendant first assigns as error the trial court's denial of defendant's motion to suppress evidence seized by Trooper Brinkley and the admission of the extraneous statement by defendant when he "hollered," "that coke's not mine."

Since defendant cites law only to address the suppression of evidence issue, pursuant to Appellate Rule 28(b)(5), we will limit our discussion to this issue.

Defendant contends that the cocaine found in his car was seized during a warrantless search, and not incident to a lawful custodial arrest. We disagree.

At trial, a *voir dire* was conducted on defendant's motion to suppress evidence. The trial judge made findings of fact and conclusions of law that defendant was under arrest at the time of the search and thus, the search was incident to a lawful arrest. The court denied defendant's motion to suppress evidence of cocaine found in his vehicle.

When there is conflicting evidence in a *voir dire* hearing on a motion to suppress evidence, it is incumbent upon the trial judge to make findings of fact and conclusions of law to show the basis for rulings on admissibility of evidence. *State v. Barnett*, 307 N.C. 608, 300 S.E.2d 340 (1983), *State v. Herndon*, 292 N.C. 424, 233 S.E.2d 557 (1977). "The court's findings, if supported by competent evidence, are conclusive on appeal." *Barnett* at 613, 300 S.E.2d at 343. When the evidence is conflicting, the trial judge must resolve the conflicts after hearing the evidence and observing the demeanor of the witnesses. *Barnett* at 614, 300 S.E.2d at 343, *State v. Fox*, 277 N.C. 1, 175 S.E.2d 561 (1970).

In the present case, the findings of fact are fully supported by the evidence in the record. After hearing the evidence, the trial judge properly resolved the conflicts and made findings of fact and conclusions of law which will not be disturbed on appeal. *See State v. Miley*, 291 N.C. 431, 230 S.E.2d 537 (1976). Defendant's assignment of error is overruled.

[2] Defendant next assigns as error the denial of his motion to dismiss prior to trial. In his motion, defendant argues that the State failed to afford defendant a trial within the 120 day time period pursuant to G.S. 15A-701.

Defendant erroneously relies on G.S. 15A-701, the article which deals with speedy trials. However, the timeliness of defendant's trial is controlled by G.S. 15A-761, The Interstate Agreement on Detainers (hereinafter, the Act). In article III(a), the Act provides that when a person is incarcerated in a "party" state, and there is a pending untried indictment in another state, the prisoner shall be brought to trial within 180 days after he has given written notice to the prosecuting officer of the place of his imprisonment

and request for a final disposition to be made of the indictment. G.S. 15A-761, Art. III(a).

In the present case, defendant was incarcerated in Florida on 21 June 1989. Defendant sent a letter dated 21 June 1989 to give notice that he was incarcerated in Florida. This information went to defendant's attorney, and was received by the State on 17 July 1989. On 26 October 1989 the State filed a detainer with the Florida Department of Corrections which contained a request to advise whether defendant chose to exercise his rights under the Interstate Agreement on Detainers. Defendant did not file any documents in response to the State's request.

The record before us does not show compliance by defendant with procedures required by the Act. Under the provisions of the Act, defendant has the right to request a speedy trial and final disposition of any pending indictments. The only action taken by defendant was the letter giving notice of where he was incarcerated. The record is without evidence to put the prosecutor on notice that defendant was availing himself of the provisions of the Act and that the prosecutor must try him within 180 days after notice was filed. *See State v. Vaughn,* 296 N.C. 167, 250 S.E.2d 210 (1978), *cert. denied,* 441 U.S. 935, 99 S.Ct. 2060, 60 L.Ed.2d 665 (1979); *State v. McQueen,* 295 N.C. 96, 244 S.E.2d 414 (1978). After the State requested a response concerning whether defendant wanted to avail himself of the Act, defendant remained silent and in no way complied with the requirements set out previously. Defendant's assignment of error is meritless.

[3] Defendant assigns as error the court's failure to rule defendant's out of court statements inadmissible for purposes of impeachment. Defendant argues that the failure to conduct a hearing on whether to suppress his confession had a chilling effect on his decision not to testify.

G.S. 15A-975(b) provides that "[a] motion to suppress may be made for the first time during trial when the State has failed to notify the defendant's counsel, . . . or defendant sooner than twenty working days before trial of its intention to use the evidence and the evidence is (1) [e]vidence of a statement made by a defendant . . . ."

In the present case the court was not obligated to allow a motion for a suppression hearing for the first time at trial. The

record shows that the State did not intend to use such material at trial and thus, a notice to defendant about use of his statement at trial was not warranted. Therefore, the State was under no obligation to give defendant notice and the court properly found that a suppression hearing during trial was not required. Since the court was not required to grant a suppression hearing at trial pursuant to the requirements of G.S. 15A-975, the decision of the court did not have a chilling effect as to demonstrate prejudicial error. Thus, defendant's assignment of error is meritless.

Defendant's last assignment of error is deemed abandoned pursuant to Rule 28(b)(5) of the Rules of Appellate Procedure, because there is no reason or argument in support of it, nor any authority cited.

Defendant received a fair trial free from prejudicial error.

No error.

Judges EAGLES and GREENE concur.